Filed 6/24/21  P. v. Alderete CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> MARCO ANTONIO ALDERETE, <br><br> Defendant and Appellant. | F080645 <br><br> (Super. Ct. No. VCF277041) <br><br><br> **OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Tulare County.  Kathryn T. Montejano, Judge.

Robert L.S. Angres, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Carlos A. Martinez and Daniel B. Bernstein, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

In *People v. Alderete* (June 18, 2019, F075445 [nonpub. opn.]), we remanded appellant Marco Antonio Alderete's case for resentencing and advised him that upon remand he could request the trial court to strike and/or stay court fines, fees, and

**SEE CONCURRING OPINION**

assessments based on his alleged inability to pay them, pursuant to *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*). At resentencing upon remand, appellant made such a request, but the trial court declined to consider it because there was "currently a split amongst the courts" as to the pertinent issue of whether due process and equal protection requires a trial court to determine a defendant's ability to pay before imposing the fines, fees, and assessments and noted it would not consider such a request until the California Supreme Court has made a decision.

Finding appellant has not been given an appropriate opportunity to make a record on his alleged inability to pay and harm of constitutional magnitude adequate for appellate review, we again remand, in accordance with this court's decision in *People v. Montes* (2021) 59 Cal.App.5th 1107 (*Montes*), for the limited purpose of allowing appellant to request the court to strike and/or stay the restitution fine and court assessments.

## RELEVANT PROCEDURAL BACKGROUND

A jury found appellant guilty of attempted murder (Pen. Code,[1] §§ 664/187, subd. (a); count 1) and assault with a deadly weapon (§ 245, subd. (a)(1); count 2). As to count 1, it was alleged appellant personally used a deadly weapon in the commission of the offense (§ 12022, subd. (b)(1)). As to both counts, the jury found true that appellant had personally inflicted great bodily injury on the victim (§ 12022.7, subd. (a)). In a bifurcated bench trial, the court found appellant had suffered two prior strike felonies (§§ 1170.12, subds. (a)-(d), 667, subds. (b)-(i)), a prior serious felony (§ 667, subd. (a)(1)), and two prior prison convictions (§ 667.5, subd. (b)).

As to count 1, the court sentenced appellant to 27 years to life plus three years for the great bodily injury enhancement, one year for the deadly weapon enhancement, and five years for the prior serious felony enhancement. The court stayed sentence as to

---

[1]     All further statutory references are to the Penal Code, unless otherwise indicated.

2.

count 2 pursuant to section 654. Appellant's total sentence was 27 years to life plus a determinate term of nine years. He was ordered to pay a restitution fine in the amount of $10,000 (§ 1202.4), a court operations assessment in the amount of $80 (§ 1465.8), and a criminal conviction assessment in the amount of $60 (Gov. Code, § 70373).

Appellant appealed the judgment of his conviction, contending, among other issues, that the matter must be remanded for resentencing so the trial court could exercise its discretion whether to strike his prior serious felony enhancement pursuant to Senate Bill No. 1393 (2017-2018 Reg. Sess.) (Senate Bill 1393) and for the trial court to hold a hearing on his ability to pay the restitution fine, court operations assessment, and criminal conviction assessment pursuant to *Dueñas*, *supra*, 30 Cal.App.5th 1157. Per *Dueñas*, appellant argued, due process of law required the trial court to conduct an ability-to-pay hearing and ascertain a defendant's present ability to pay before imposing the court operations and criminal conviction assessments. (*Id.* at p. 1164.) Appellant further argued, under *Dueñas*, the trial court was required to stay execution of any restitution fine until determining appellant has the ability to pay it. (*Id.* at p. 1157.)

We remanded the matter for resentencing on the Senate Bill 1393 issue and declined to reach the merits of appellant's *Dueñas* argument, reasoning he could raise the issue before the trial court upon remand and noted he would bear the burden of proving an inability to pay justifying any potential decision of the trial court to strike or stay any fines or fees.

Upon remand, the trial court declined to strike appellant's prior serious felony enhancement.

At the resentencing hearing, appellant's counsel stated appellant was "suggesting that he doesn't have the ability to pay some of the fines and fees that the court ordered, and he's asking the court to consider that."

The prosecutor noted we had declined to order the court to conduct an ability-to-pay hearing in our opinion in the previous appeal and pointed out in the interim, this court decided *People v. Aviles* (2019) 39 Cal.App.5th 1055 (*Aviles*), wherein this court held *Dueñas* was wrongly decided and the trial court was under no obligation to conduct an ability-to-pay analysis.

The court responded by saying, "So my understanding is there's currently a split amongst the courts as to this issue?" to which the prosecutor responded in the affirmative. The court went on to say, "All right. The court is not going to be addressing that today. If that becomes settled by the [California Supreme Court], then [defense counsel], either you on behalf of your client or the People can raise that issue, the court will reconsider depending on what the final decision is. I do believe that in some period of time there will be a final decision."

This appeal followed.

## DISCUSSION

Appellant argues the trial court erred by deferring consideration of appellant's indication he had no ability to pay the restitution fine and court assessments until the California Supreme Court ruled on the issue.

Respondent agrees it was improper for the trial court to base its decision on the mere fact that the California Supreme Court had yet to decide the issue. Nonetheless, respondent contends the trial court did not err because, at the time of resentencing, this court had decided *Aviles*, *supra*, 39 Cal.App.5th 1055, wherein a panel of this court rejected the *Dueñas* due process and equal protection analysis and concluded objection to fines and fees based on an ability to pay must be raised under the excessive fines clause of the Eighth Amendment and that remand to the trial court is not required if the trial court fails to conduct an ability-to-pay hearing. (*Aviles*, at pp. 1067–1072.) Respondent further contends, applying *Aviles*, the restitution fine imposed was not unconstitutionally

4.

excessive. We are not persuaded by respondent's argument because, to credit it, we would have to presume the trial court in the present case would have followed *Aviles*, a decision which was in the trial court's province.

While "[a]s a practical matter, a superior court ordinarily will follow an appellate opinion emanating from its own district," "it is not bound to do so." (*McCallum v. McCallum* (1987) 190 Cal.App.3d 308, 315, fn. 4.) When appellate court districts are in conflict on a point of law, a trial court "can and must make a choice between the conflicting decisions." (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 456.) Accordingly, we agree with appellant that given the split of authority in appellate districts, the trial court was required to make some ruling on appellant's request by choosing from the relevant available authority, including *Dueñas*, *Aviles*, and any other pertinent authority. While the trial court reasonably could have followed *Aviles* (subject to any appellate review), it did not. Even after the prosecutor argued the court should apply *Aviles*, the trial court expressly stated it would not be addressing the issue because of the split in authority. The court's failure to make any determination in response to appellant's request was inappropriate.

Before discussing the proper remedy, we must clarify a nuance in our previous opinion. We did not, as it appears the parties may have understood, remand with any express direction that the court follow *Dueñas*. We only noted appellant would have an opportunity to raise the issue if he so chose. In our opinion, we took no position on (1) the merits of appellant's argument that an ability-to-pay determination was required nor (2) his alleged inability to pay. Implicit in our brief discussion was that these determinations were more appropriately made by the trial court.

With that said, in consideration of the facts of this case and the developing state of appellate authority on these issues,[2] we find this court's analysis in *Montes*, *supra*, 59 Cal.App.5th 1107 persuasive and instructive in determining the most appropriate disposition. The *Dueñas* decision was published after the appellant in *Montes* had been sentenced but while his appeal was pending, and he raised the issue on appeal. This court reasoned that the appellant had not forfeited his claim by failing to object below but that it was incapable of adequately reviewing his *Dueñas* claim because the record was "undeveloped," particularly when compared to the detailed record in *Dueñas*. (*Montes*, at p. 1121.) The *Montes* court found that because the issue was not forfeited and "the parties did not have the benefit of *Dueñas* at the time of sentencing," the proper remedy was "to allow [the appellant] to raise the issue in the trial court on remand, where he will bear the burden of both demonstrating a harm of constitutional magnitude and making a record regarding his alleged inability to pay the restitution fine and court assessments." (*Ibid*.) The *Montes* court explained that, under the circumstances, the limited remand was appropriate "to allow the parties to address the issue in the trial court in the first instance." (*Id*. at. p. 1122.)

The present case is in a slightly different procedural stance than *Montes*, in that forfeiture is not an issue because appellant objected to the fines and fees at resentencing,

---

**2** As the trial court alluded to, there is a split among the appellate court districts as well as disagreement within our own court regarding whether a trial court must make an ability-to-pay determination before imposing the restitution fine and court assessments as well as what is the proper remedy. In *Montes*, *supra*, 59 Cal.App.5th 1107, this court summarized many of the various positions that other districts and diverging panels in this court have taken.

The California Supreme Court will soon be weighing in. Our high court has granted review in *People v. Kopp* (2019) 38 Cal.App.5th 47 (Nov. 13, 2019, S257844) on the issues of: (1) whether a court must consider a defendant's ability to pay before imposing or executing fines, fees, and assessments, and (2) if so, which party bears the burden of proof regarding the defendant's inability to pay.

and the parties had the benefit of *Dueñas* as well as other published decisions to assist the parties in making their arguments. However, because, in the present case, the trial court simply declined to make any ruling on the pertinent issues, *Montes* is apposite. Like in *Montes*, we do not have an adequate record to determine whether appellant can make a viable constitutional claim. We therefore conclude the proper remedy is remand to give appellant another opportunity to raise the issue before the trial court in the first instance.

"In the absence of a developed record on [the issues of constitutional harm and appellant's alleged inability to pay], we express no view as to whether [appellant] may be able to state a viable claim that ultimately withstands constitutional scrutiny on review." (*Montes*, *supra*, 59 Cal.App.5th at p. 1121.)

We reject respondent's argument that remand is unnecessary because we can presume appellant will earn enough through prison wages to satisfy the court assessments. "While there is authority supporting the proposition that prisoners are able to pay fines, fees and assessments out of future prison wages [citations], or small gifts from friends or family [citation], because the record is undeveloped, reliance on either proposition is purely speculative at this juncture [citation]." (*Montes*, *supra*, 59 Cal.App.5th at p. 1123.)

We emphasize that upon remand, appellant will bear "the burden of both demonstrating a harm of constitutional magnitude and making a record regarding his alleged inability to pay the restitution fine and court assessments." (*Montes*, *supra*, 59 Cal.App.5th at p. 1121.) As we stated in *Montes*, "[d]iscretion to determine an appropriate fine amount rests with the trial court and the court is free to consider, among other factors, any money received by a defendant, be it in the form of prison wages or gifts. (*People v. Potts* (2019) 6 Cal.5th 1012, 1055–1056 [concluding trial court could lawfully impose $10,000 restitution fine despite condemned inmate's categorical ineligibility to earn prison wages and his receipt of only occasional small gifts of money

7.

from family, and rejecting argument 'that a fine is automatically invalid if a defendant is unable to pay it'].)"  (*Montes*, at p. 1122.)

## DISPOSITION

This matter is remanded to the trial court to allow appellant the opportunity to raise the issue of his ability to pay the fines and assessments imposed.  If any change to the judgment results, the trial court shall forward an amended abstract of judgment to the appropriate authorities.

The judgment is otherwise affirmed.


                                        DE SANTOS, J.

I CONCUR:


SNAUFFER, J.

DETJEN, Acting P.J.

I concur in the judgment and with most of the majority's reasoning.

I agree that, in appellant Marco Antonio Alderete's first appeal, we took no position on whether an ability-to-pay determination was required or whether appellant had the ability to pay and that, although the law on the issue remains unsettled and review is still pending in the California Supreme Court, appellant, after remand, raised the issue in the trial court and that court was required to rule on it. (Maj. opn. *ante*, p. 5.) I agree the burden is on appellant to demonstrate a harm of constitutional magnitude and to make a record regarding his alleged inability to pay the restitution fine and court assessments. (Maj. opn. *ante*, p. 7.)

I write separately to restate that I am of the opinion that the constitutional challenge to the restitution fine and court assessments imposed in appellant's case should be based on the prohibition against excessive fines contained in the Eighth Amendment to the United States Constitution. (*People v. Aviles* (2019) 39 Cal.App.5th 1055, 1060, 1069-1072.) And, regarding the record and appellant's ability to pay, I note that prior to his original sentencing, appellant reported to probation he was in good physical health, had no disabilities, and had worked seasonally, two months annually, for the prior five to seven years as a tractor driver. I, therefore, do not think it is necessarily " 'purely speculative at this juncture,' " to rely on the authority which asserts prisoners can pay fines, fees and assessments out of future prison wages or gifts from friends or family. (Maj. opn. *ante*, p. 7.) (*People v. Aviles*, *supra*, 39 Cal.App.5th at p. 1076.) However, the trial court has not ruled on either issue and so I concur in the judgment.

DETJEN, Acting P.J.